IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 3:25-cr-009 |
| v. | ) | |
| | ) | GOVERNMENT'S |
| EVAN ROBERT STEINBERG, | ) | SENTENCING MEMORANDUM |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW the United States of America, by its undersigned counsel, and provides the following memorandum for the sentencing in this matter, set for Wednesday May 8, 2025, at 10:00 a.m.

## I.     PROCEDURAL BACKGROUND

On January 17, 2025, Defendant plead guilty to Receipt and Distribution of Child Pornography, in violation of Title 18, United States Code, Sections 2252A(a)(2) and 2252A(b)(1). Presentence Investigation Report, ECF No. 30, ¶ 1-3 (hereinafter "PSR"). There was no plea agreement and no additional counts to be dismissed. PSR ¶ 34.

There are no outstanding objections to the PSR. The Government does not anticipate presenting additional evidence or witnesses at sentencing.

## II.     SENTENCING CALCULATION

### A.     Statutory Maximum and Minimum Sentence

Based on Defendant's plea of guilty to Count One of the Information, he faces a maximum sentence of 240 months in prison, and five years to life for supervised release. PSR ¶¶ 96, 100. A fine of up to $250,000 is permitted, in addition to the $100

special assessment, $5,000 Justice for Victims of Trafficking Act of 2015, and up to $35,000 under the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018. PSR ¶¶ 104-107.

**B.** **Sentencing Guidelines Calculation**

The PSR correctly calculates the advisory guidelines range in this case as follows:

| | |
|---|---|
| USSG §2G2.2(a)(2), 18 U.S.C. § 2252A(a)(2) | 22 |
| USSG §2G2.2(b)(2), prepubescent minor | +2 |
| USSG §2G2.2(b)(3)(F), distribution | +5 |
| USSG §2G2.2(b)(4)(B), infant or toddler | +4 |
| USSG §2G2.2(b)(5), pattern of activity | +5 |
| USSG §2G2.2(b)(6), use of a computer | +2 |
| USSG §2G2.2(b)(7)(D), over 600 images | +5 |
| USSG §3E1.1(a)/(b), acceptance of responsibility | −3 |
| Total Offense Level: | 42 |
| Criminal History Category | I |
| Guideline Sentencing Range: | 240 months |

## III. SENTENCING FACTORS & GOVERNMENT'S RECOMMENDATION

The sentencing statutes inform this Court that it must impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of

the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). The Court, in determining the particular sentence to be imposed, shall also consider the nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1). The sentence must "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

The Government asks that this Court to find a final advisory guideline range of Total Offense Level 41/Criminal History Category I, which yields a range of 360 months to life. However, since the statutory maximum is 240 months, the guidelines become 240 months. PSR ¶ 97.

The Government recommends a guideline sentence of imprisonment of 240 months, followed by a 5-year term of supervised release. Additionally, the Government asks that this Court impose an additional $5,000 assessment under for Victims of Trafficking Act of 2015, and up to $35,000 assessment under the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018.

Regarding the additional assessments, the PSR demonstrates that Defendant is non-indigent. Defendant has private counsel from both Iowa and Pennsylvania, has over $70,000 in assets[1], and is well educated and employable. PSR P. 1, ¶ 76 − 87, 90, 95. Therefore, keeping in mind that no victim restitution requests have been received as of yet, Defendant is more than capable of paying the additional $5,000 and up to

---

[1] Defendant's available funds were stayed on April 9, 2025. R. Doc. 33.

$35,000 assessments, which represents Defendant's role in the causal process of victimizing children, contributing to those victim's losses, and providing resources to victims and law enforcement.

As part of the instant offense, Defendant was soliciting sexually explicit content from minor males, who Defendant knew were under the age of 18. PSR ¶ 13, 19, 21. Defendant not only solicited these minors for child pornography, but he would seek out young males to be his "sex slaves", would instruct them to engage in masochistic conduct, and would send sex devices to them in the mail. PSR ¶ 14-16, 19, 21. Defendant's five electronic devices contained a total of 241 images and 136 videos of child pornography. PSR ¶ 20. Some of this child pornography included content of minors as young as 1 year old engaged in sex acts. *Id.* Defendant's conduct in seeking and collecting this content showed not just an addiction to child pornography, but a desire to control and humiliate these minors by having power over them. PSR ¶ 21.

Defendant's case has two victim impact statements, which outlined the continued pain and lasting impact of actions by Defendant, and others like him, on these victims. One writes "now that I am over the age of 18, I am in more fear. I worry about these perpetrators coming after me and harming the children in my life. I think about this every day." Another victim's parent writes "it destroys you from the inside knowing that these things are out there of your child and that there is nothing that you can do about it . . . its not just a picture its not just a video. It's a father that has been crushed. It's a child that will have to deal with this till the day he passes. It's a

family that has been shattered into pieces that will never be put back together."
Defendant's choices not just impact his schooling, his career, and his family. His
actions have had perpetuated permanent harm on numerous children and families.

As part of the Defendant's arguments regarding detention at his change of plea
hearing, Defendant admitted exhibits in relation to his mental health treatment with
Dr. Eric Weinstein[2]. R. Doc. 6, p. 31 – 33 (Defendant Exhibit O). In Dr. Weinstein's
report, he noted that Defendant "maintains that he never sought out contact with
minors, but only individuals over the age of 18. However, he had acknowledged there
were times he likely neglected to confirm." R. Doc. 6, p. 32. In Defendant's plea
agreement, he admitted the following:

> Defendant's five devices also contained evidence of Defendant soliciting the
> production of child pornography from numerous minors from January to
> August of 2021. On August 24, 2021, Defendant received, via Telegram (an
> internet-based messaging application), a six second video of a fourteen-year-
> old male masturbating himself with his hand. On October 5, 2021, Defendant
> sent, via Telegram (an internet-based messaging application), seven images of
> a 14-year-old male exposing his gentiles and using penetrative devices, to a
> juvenile. On December 10, 2021, Defendant received, via Snapchat (a mobile
> social media application), a 59 second video of a 14-year-old male exposing his
> genitals. All of this child pornography was found within accounts on
> Defendant's blue iPhone 12 with black case and sim card (SN
> DNPDLM290DY0). Defendant's five devices contained hundreds of images and
> videos of child pornography, including prepubescent males, as young as under
> 1 year old, engaging in sex acts with adults.

R. Doc. 9, p. 4. Defendant's efforts to skirt accepting responsibility for his
actions, including with his own medical professional, demonstrates that his efforts to

---

[2] It is the Government's understanding that defense intends to admit and updated report from Dr. Weinstein along
with an updated report from Dr. Haworth. As of the date of this memo, the Government has not received updated
materials or a report from defense regarding Dr. Haworth.

intervene on his criminal activity was not a completely sincere or serious endeavor. The Government believes a guideline sentence would be sufficient but not greater than necessary to accomplish the goals of sentencing.

WHEREFORE, the Government requests the Court consider this sentencing memorandum in determining the final sentence of Defendant.

Respectfully submitted,

Richard D. Westphal
United States Attorney

By: _Kaitlyn R. Macaulay_
Kaitlyn R. Macaulay
Assistant United States Attorney
United States Courthouse
131 East Fourth Street, Suite 310
Davenport, Iowa 52801
Tel: (563) 449-5432
Fax: (563) 449-5433
Email: kaitlyn.macaulay@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2025, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by:

____U.S. Mail _____ Fax _____Hand Delivery

__X__ECF/Electronic filing ____Other means

UNITED STATES ATTORNEY

By: _/s/ Victoria Dhanens_
        Fact Witness Coordinator/Paralegal